IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| **FAIR WORK ALLIANCE,** | ) CASE NO.: 1:25-cv-551 |
| | ) |
| Plaintiff, | ) JUDGE |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) |
| **INSTAWORK, ET AL.,** | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

Defendant Instawork, by and through the undersigned counsel, hereby gives notice of the removal of this civil action from the Hamilton County Court of Common Pleas to the United States District Court for the Southern District of Ohio, Western Division – Cincinnati ("District Court") based upon diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are as follows:

### PROCEEDINGS IN STATE COURT AND TIMELINESS OF REMOVAL

**1.** On June 30, 2025, Plaintiff Fair Work Alliance ("FWA") filed a civil action, captioned *Fair Work Alliance v. Instawork, et al.*, identified as Case No. A 2503201, in the Hamilton County Common Pleas Court ("State Court Action"). A true and accurate copy of FWA's Complaint in the State Court Action is attached hereto as **Exhibit 1**. The Complaint was served on Instawork on July 8, 2025. A true and accurate copy of the Electronic Certified Mail Service Return in the State Court Action is attached hereto as **Exhibit 2**.[1]

---

[1] Although Instawork takes no position on whether the other Defendants in this case were properly served, attached hereto as **Exhibit 3-8** are the Electronic Certified Mail Service Returns in the State Court Action related to Defendants Qwick, Gigpro, Wonolo, Traba, GigSmart, and Tend. At the time of this filing, Instawork is unaware of any record of service on Defendant Veryable.

2. FWA states causes of action of unfair competition under Ohio common law as well as tortious interference with contractual and business relationships. *See* **Exhibit 1** at ¶¶ 26-37. FWA seeks, among other things, monetary damages "believed to be in excess of $500,000, plus interest, costs, and attorneys' fees" as well as "an award of punitive damages." *Id.* at ¶¶ 30-31 and 36-37.

3. On July 28, 2025, counsel for Defendant GigSmart, Inc., filed their Notice of Appearance. A true and accurate copy of the Notice of Appearance in the State Court Action is attached hereto as **Exhibit 9**.

4. On August July 30, 2025, counsel for Defendant Wonolo Inc. appeared in the State Court Action and filed a Stipulation for Leave to Plead extending its deadline to move or plead in response to the Complaint to September 2, 2025. A true and accurate copy of the Stipulation for Leave to Plead in the State Court Action is attached hereto as **Exhibit 10**.

5. On August July 30, 2025, Defendant GigSmart, Inc. filed a Stipulation for Leave to Plead extending its deadline to move or plead in response to the Complaint to September 1, 2025. A true and accurate copy of the Stipulation for Leave to Plead in the State Court Action is attached hereto as **Exhibit 11**.

6. On August 5, 2025, the undersigned counsel filed their Notice of Appearance. A true and accurate copy of the Notice of Appearance in the State Court Action is attached hereto as **Exhibit 12**.

7. At the time of this filing, other than those attorney appearances noted in Paragraphs 3 and 4 above, as well as that of the undersigned counsel, no other attorney appearances have been made on behalf of Defendants Qwick, Gigpro, Tend, and Veryable in the State Court Action.

8. On August 5, 2025, Defendant Instawork filed a Stipulated Extension of Time to Move or Plead In Response to the Complaint extending its deadline to move or plead in response to the Complaint to September 5, 2025.  A true and accurate copy of the Stipulation for Leave to Plead in the State Court Action is attached hereto as **Exhibit 13**.

9. Other than those items described above, no other process, pleadings, or orders have been served on Instawork or issued in the State Court Action.  A true and accurate copy of the Docket Information in the State Court Action as of the date of this filing is attached hereto as **Exhibit 14**.

10. No further proceedings have taken place, and thirty (30) days have not elapsed since this action became removable to the District Court.  Thus, removal is timely under 28 U.S.C. § 1446(b)(1).

## INTRODUCTORY STATEMENT OF JURISDICTION

11. The State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which Instawork may remove to this Court pursuant to 28 U.S.C. § 1441(b) in that (1) it is a civil action between citizens of different states and (2) the matter in controversy exceeds the sum of $75,000.  Accordingly, this Court has jurisdiction over the State Court Action and the Complaint, and removal is proper for the reasons below.

12. Prior to filing this Notice of Removal, Instawork sought the consent to removal of this case to the District Court of Defendants Qwick, Gigpro, Wonolo, Traba, GigSmart, Tend, and Veryable.  At the time of this filing, Gigpro, GigSmart, and Wonolo consented to removal. Instawork has not yet heard back from Qwick, Traba, Tend, and Veryable.  Nonetheless, Instawork filed this Notice of Removal out of an abundance of caution to ensure that it would be timely filed with the District Court.

**REMOVAL BASED ON DIVERSITY JURISDICTION**

13. There is complete diversity of the Parties such that plaintiff is not a citizen of the same state as any defendant. *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005).

*Citizenship*

14. A "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …." 28 U.S.C. § 1332 (c)(1). For purposes of diversity, a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). The "principal place of business" is the metaphorical "nerve center." *Id.* at 93. And "it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.*

15. At the time that the State Court Action was filed, FWA alleged that it is an Ohio non-profit corporation. *See* **EXHIBIT 1** at ¶ 2.

16. FWA also alleged that all of the Defendants are "foreign for profit corporations[.]" *Id.* at ¶ 3.

17. As support for FWA's allegation, the undersigned counsel contacted counsel who appeared on behalf of the following Defendants to inquire about their state of incorporation and principal place of business, and confirmed as follows:

- Gigpro: Incorporated in Delaware with its principal place of business in South Carolina

- GigSmart: Incorporated in Delaware with its principal place of business in Colorado

- Instawork: Incorporated in Delaware with its principal place of business in California

- Wonolo: Incorporated in Delaware with its principal place of business in California

- Qwick: Incorporated in Delaware with its principal place of business in Arizona

18. Moreover, the undersigned counsel attempted to contact Qwick, Traba, Tend, and Veryable to inquire about their state of incorporation and principal place of business, but did not establish contact with them by the time of this filing. As a result, the undersigned counsel researched publicly-available information, and based upon it, believes the following to be true:

- Tend: Incorporated in Delaware with its principal place of business in California

- Traba: Incorporated in Delaware with its principal place of business in New York

- Veryable: Incorporated in Delaware with its principal place of business in Texas

19. Based on the foregoing, since FWA is not a citizen of the same state as any Defendant, there is complete diversity in this action.

*Amount In Controversy*

20. Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy be in excess of $75,000.00. *See* 28 U.S.C. § 1332(a). A defendant seeking removal

need make only a short and plain statement regarding the amount in controversy in a notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. § 1446(a)).

21. According to Sixth Circuit law, "[t]he general rule in diversity cases is that the amount claimed by a plaintiff in his complaint determines that amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount." *Saltire Industrial, Inc. v. Waller, Lansden, Dortch & Davis*, 491 F.3d 522, 531 (6th Cir. 2007) (quoting *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 884 (6th Cir. 2005)). "It is generally agreed that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (quoting *Buckeye Recyclers v. CHEP USA*, 228 F. Supp. 2d 818, 821 (S.D. Ohio 2002)).

22. Here, according to the Complaint, FWA seeks, among other things, monetary damages "believed to be in excess of $500,000, plus interest, costs, and attorneys' fees" as well as "an award of punitive damages." *See* **Exhibit 1** at ¶¶ 30-31 and 36-37.

23. Thus, based on the amount that FWA seeks in the Complaint, the amount in controversy exceeds $75,000.

## VENUE

24. The State Court Action was filed in the Hamilton County Court of Common Pleas. Venue properly lies in the District Court because it is the covers the county where the State Action was filed. *See* 28 U.S.C. § 1441(a).

## NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL

25. No previous application has been made for the relief requested herein.

26. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action will be filed and attached with this Notice of Removal and/or its supporting papers.

27. Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal in the District Court, written notice of such filing will be filed with the Clerk of the Hamilton County Court of Common Pleas via its E-Filing System, and sent via email to FWA's counsel:

>David M. Duwel
>Duwel Law
>130 West Second Street, Suite 2101
>Dayton, Ohio 45402
>(937) 297-1154
>david@duwellaw.com

## CONCLUSION

28. For the foregoing reasons, Instawork respectfully requests the above-entitled action be removed from the Hamilton County Court of Common Pleas to the District Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Mathew A. Parker*
Mathew A. Parker (0093231)
The KeyBank Building
88 East Broad Street, Suite 2025
Columbus, Ohio 43215
(614) 494-0412
Mathew.parker@ogletree.com

Anthony Dick (0084913)
Samuel Ottinger (0099034)
Key Tower
127 Public Square, Suite 4100

Cleveland, Ohio 44114
(216) 241-6100
Anthony.dick@ogletree.com
Sam.ottinger@ogletree.com

*Attorneys for Defendant Garuda Labs, Inc. d/b/a Instawork*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2025, a true and correct copy of the foregoing NOTICE OF REMOVAL and supporting Exhibits were filed electronically in United States District Court for the Southern District of Ohio, with notice of same being electronically served by the CM/ECF system, to all attorneys of record.

/s/ *Mathew A. Parker*
Mathew A. Parker (0093231)

*Attorneys for Defendant Garuda Labs, Inc. d/b/a Instawork*